UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-60403-CIV-O'SULLIVAN

[CONSENT]

CLIFTON M. MITCHELL,

    Plaintiff,

v.

INTERNATIONAL CONSOLIDATED
COMPANIES, INC.,
ANTONIO F. UCCELLO, III,
RONALD CIARAVELLA,
TRC ACQUISITION CORP., and
JASON FINE,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the status conference held before the undersigned on June 27, 2011. Having reviewed the motions and any responses or replies thereto, and having heard argument of counsel, it is

ORDERED AND ADJUDGED that on or before **July 1, 2011**, the plaintiff shall file a verified statement by the process server in support of Clifton M. Mitchell's Motion for Alternative Service Upon Antonio F. Uccello, III and Incorporated Memorandum of Law (DE# 59, 5/12/11). It is further

ORDERED AND ADJUDGED that counsel for the defendant, International Consolidated Companies, Inc. ("ICCI"), shall attempt to determine whether the defendant, Mr. Uccello, will waive service of process. It is further

ORDERED AND ADJUDGED that the Motion to Set Aside Default (DE# 60, 5/13/11) filed by the defendants, ICCI and Ronald Ciaravella, is GRANTED. The Court finds that the defendants have shown good cause. Fed. R. Civ. P. 55(c). The Court further finds that the defendants failure to respond to the amended complaint was not willful, that they had previously filed motions to dismiss, that there is no prejudice to the plaintiff because the action is in its early stage and the defendants sought to vacate the

default fairly promptly. Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  Rule 55(c) provides that "[f]or good cause shown[,] the court may set aside an entry of default."  Fed. R. Civ. P. 55(c).  The standard to vacate a clerk's default is less stringent than to vacate a default judgment.  See, EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 527-28 (11th Cir. 1990); see also, Compania Interamericana Export-Import, S.A., 88 F.3d at 951.  It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion for Extension of Time to Serve Process on Defendant Antonio F. Uccello, III (DE# 85, 6/16/11), is GRANTED for an additional 120 days. The plaintiff shall serve the defendant, Antonio F. Uccello, III, by **October 22, 2011.**  Fed. R. Civ. P. 4 permits a district court to exercise discretion to extend the time for service of process.  "Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow."  Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005) (citing Henderson v. United States, 517 U.S. 654, 663 (1996)).  It is further

ORDERED AND ADJUDGED that TRC's Motion to Strike Plaintiff's Reply Brief (DE# 43, 4/27/11) in Further Support of Motion for Preliminary Injunctive Relief for the Appointment of a Receiver is DENIED.  The defendants shall file their sur-replies to the plaintiff's reply (DE# 38, 4/18/11) by **July 11, 2011.**  It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Expedited Discovery and Hearing on Renewed Motion for Preliminary Injunction (DE# 42, 4/26/11) is GRANTED. The parties shall take the following limited discovery regarding the financial viability of TRC as raised in the renewed motion for preliminary injunctive relief to appoint a receiver:

    1.  The deposition of Mr. Discount shall be taken first by **July 11, 2011** and TRC's financial information shall not be disclosed to Mr. Discount;

    2.  Responses to written discovery must be served within two weeks of the requests and completed by **August 19, 2011**;

    3.  The defendant, TRC, shall produce income and balance sheets reflecting TRC's financial condition by **July 11, 2011** and make TRC's accountant and

Mr. Fine available for deposition by **July 25, 2011**;

    4.  That all discovery regarding the plaintiff's motion for preliminary injunctive relief shall be completed by **August 19, 2011**; and

    5. That if the names of either the defendant Mr. Ciaravella or the defendant Mr. Bachmann are mentioned during the depositions of other individuals, counsel shall promptly notify counsel for Messrs. Ciaravella and Bachmann and promptly provide copies of the deposition transcripts to them.   It is further

ORDERED AND ADJUDGED that this matter is set for a status hearing before the undersigned on **Monday, August 22, 2011, at 3 P.M.** at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, 5th Floor, Miami, Florida 33128.  It is further

ORDERED AND ADJUDGED that Clifton M. Mitchell's Renewed Motion for Preliminary Injunctive Relief for the Appointment of a Receiver after Service of Process, Request for Expedited Discovery and Incorporated Memorandum of Law (DE# 11, 3/10/11) is set for an evidentiary hearing before the undersigned on **Wednesday, August 31, 2011, at 9 A.M.** at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, 5th Floor, Miami, Florida 33128.

DONE AND ORDERED in Chambers at Miami, Florida this **27th** day of June, 2011.

                                                       JOHN J. O'SULLIVAN
                                                       UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record